UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMBER L. TRIPP, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No. 18-cv-1365 |
| v. | ) | |
| | ) | Hon. Thomas M. Durkin |
| | ) | |
| PAN AM COLLECTIONS, INC. | ) | Magistrate Daniel G. Martin |
| DANIEL L. KOHLENBERG | ) | |
| | ) | |
| DEFENDANT(S). | ) | |

**Joint Initial Status Report**

Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on April 19, 2017 via electronic mail, on April 27, 2018 and April 30, 2018 via teleconference and was attended by Robert J. Tomei Jr., of Tomei Law, P.C., Attorneys for Plaintiff, and Charles G. McCarthy, Jr., of Charles G. McCarthy Jr. and Associates, Attorney for Defendants.

I. The Nature of the Case

 A. Attorneys of Record

**Plaintiff**

Robert J. Tomei Jr.,
TOMEI LAW, P.C.
223 N IL Rt. 21, Suite 14
Gurnee, IL 60031
Tele: (847) 596-7494
Fax: (847) 589-2263
E-Mail: Robert@tomeilawfirm.com

**Defendant**
Charles G. McCarthy, Jr.
Charles G. McCarthy, Jr. and Associates
707 North East Street,
Suite Two
Bloomington, IL 61701

1

Telephone: 309-828-7000
E-Mail: charlie@mccarthy.net

B. Jurisdiction

    i. Plaintiff has alleged that this Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

    ii. No jurisdiction over any claims is based on diversity or supplemental jurisdiction.

    iii. According to Plaintiff, Amber L. Tripp, is a citizen and resident of Illinois. According to Plaintiff, she resides in the Northern District of Illinois.

    iv. Defendant, Pan Am Collections, Inc., is incorporated under the laws of the State of Illinois and maintains offices at 707 N East Street, #1, Bloomington, IL 61702-5528. Its registered agent is co-defendant Daniel L. Kohlenberg, whose registered address is 1208 E. Washington Street, Bloomington, IL 61701.

    v. Defendant, Daniel L. Kohlenberg, is an individual resident of the State of Illinois, County of McLean. Kohlenberg acts as the officer, manager and/or agent of co-defendant Pan Am.

    vi. Plaintiff has asserted claims based on state law in her First Amended Complaint, but seeks to drop those counts at this time by way of a Motion for Leave to File her Second Amended Complaint.

C. Claims Asserted In Complaint

    i. Plaintiff has alleged that Defendant Pan Am and Kohlenberg (hereinafter "Defendants") collectively violated §§ 1692g(a), 1692c(b), 1692e,

1692(e)(11), §1692(c)(b), 1692(c)(a)(2), §1692(b)(6), §1692f and 1692f(1) of the FDCPA.

Specifically, Plaintiff has alleged that Defendants failed to effectively state "the name of the creditor to whom the debt is owed" in violation of 15 U.S.C. § 1692g(a)(2) in addition to failing to set forth in writing Plaintiff's notice regarding her rights pursuant to §1692g(a) within five days after initial communication with the Plaintiff.

Plaintiff has also alleged that Defendants violated §1692c(a)(2) when, through one of its employees or authorized agents, it contacted the Plaintiff directly, even though Defendants had actual knowledge that Plaintiff was represented by an attorney.

Plaintiff claims that Defendants violated §§1692c(b) and 1692(b)(6) when, through one of its employees or authorized agents, it contacted an unauthorized third party in an attempt to collect the purported debt when it knew or should have known Plaintiff was represented by the undersigned.

Plaintiff alleges that Defendants violated 15 U.S.C. § 1692e and 1692e(11) when it failed to disclose in every communication with Plaintiff that it was from a debt collector. Plaintiff maintains that this constitutes a concrete informational injury under the FDCPA because it fails to provide accurate information that Plaintiff was entitled to under the FDCPA.

    Plaintiff further alleges that Defendants violated §1692f and 1692(f)(1) for contacting her directly when it had actual knowledge she was represented by counsel.

    Defendants Pan Am and Kohlenberg collectively denies all of the above allegations and that the FDCPA was violated in any way.

  ii. Plaintiff is seeking:

    1. A finding that Defendant's collection practices violated the FDCPA,

    2. Statutory damages, in the amount of $1,000.00, actual damages to be determined by a trier of fact, costs, and reasonable attorney fees as provided by 15 U.S.C. §1692k(a) of the FDCPA.

  iii. No counter-claims are currently being asserted.

II. Pending Motion & Case Plan

 A. Presently, the only motion pending before the Court is Plaintiff's Motion for Leave to file her Second Amended Complaint, which is scheduled for presentment on May 3, 2018 at 9:00 a.m. Additionally, the initial status hearing is set for Thursday, May 3, 2018 at 9:00 a.m.

 B. To date, no formal discovery has taken place in this matter and no deadlines have yet to elapse. The parties confirm that they have reviewed the Standing Order for the Mandatory Initial Discovery Pilot Project (MID). The Plaintiff and Defendant have until on or before May 2, 2018 in which to serve their respective MIDP answers to one another. The parties are not presently disputing any discovery limitations or other discovery issues.

C. Proposal for Discovery:

1. The Discovery needed will be Requests for Production, Requests to Admit, Interrogatories and 2-3 Depositions;
2. Written Discovery to be issued by June 4, 2018;
3. The parties do not anticipate the need to engage in expert discovery at this time as it would pertain to dispositive liability motions.
4. All fact discovery to be completed by September 28, 2018.
5. The parties agree to defer scheduling of expert discovery relevant to damages until it becomes necessary for a hearing or trial.
6. The parties note the Court's reluctance to disturb an agreed case management order once it is entered.
7. All dispositive motions to be filed no later than October 28, 2018.

D. E-Discovery

1. The parties anticipate that discovery will encompass electronically stored information. Disclosure or discovery of electronically stored information should be handled as follows:

    a. Nature of Production of ESI. Electronic discovery shall be produced to the requesting party in a commercially reasonable manner. If a party requests documents that are stored in an electronic format, the disclosing party may provide the requesting party printed copies of the documents or may provide the requesting party copies of the documents on CD or DVD, by email, or by other electronic means. If the receiving party

      determines in good faith that a disclosure of a document in a printed format does not adequately allow the party to review the document, the receiving party may request that an electronic copy may be provided to it. If a requesting party requests the examination of any hard drives, servers, computers, voice mail systems, or other electronic devices or components, such disclosure, if appropriate, shall be made in a commercially reasonable manner.

b.    Cost and Burden of Producing Electronic Discovery. Unless the party with the burden of bearing the costs as specified below demonstrates to the Court that the cost is overly burdensome, or that the cost should be paid in whole or in part by the requesting party, the following presumptions apply: (1) To the extent that the parties request files or copies of documents, the parties agree that such requests shall be provided to the other party in the normal and traditional course of discovery, with the producing party bearing the cost of assembling the responses to the requests; (2) To the extent that a party requests to examine a hard drive, server, computer, voice mail system, or other electronic device or component, the party making the request shall bear the cost of the examination and may examine the device or component at a mutually agreeable time and in a commercially reasonable manner.

c.  Inadvertent Disclosure of Privileged Documents. In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. If, however, the disclosed documents contains the work product of the non-producing party then upon written request by the producing party, said documents may be destroyed rather than returned at the election of the non-producing party. The producing party shall promptly identify the returned or destroyed document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

d.  Preservation of Data. The parties will make every reasonable effort to preserve electronic data relevant to either party's claims or defenses.

    e. Additional Issues. At this time, the parties do not know of any additional electronic discovery issues that may arise in this matter. If additional issues arise not governed by this Plan, the parties agree to work in good faith to resolve the matter before bringing the issue to the Court's attention.

 E. Trial

  1. Plaintiff has requested a trial by jury.

  2. Plaintiff anticipates a trial to last 1-2 days.

III. Consent to Proceed Before a Magistrate Judge

 A. The parties do unanimously consent to proceed before a magistrate judge for all purposes at this time.

IV. Status of Settlement Discussions

 A. Plaintiff has made a settlement demand on Defendant that Defendant has rejected. Plaintiff resubmitted a demand that Defendant is taking into consideration following the filing of her Motion for Leave to file her Second Amended Complaint.

 B. Plaintiff would be agreeable to conducting a settlement conference before the Magistrate Judge assigned to the case.

Dated: 4/30/2018

Case: 1:18-cv-01365 Document #: 16 Filed: 04/30/18 Page 9 of 9 PageID #:257

9

| One of the Attorneys for Plaintiff | Counsel for Defendant |
|---|---|
| s/ *Robert J. Tomei Jr.* | s/ *Charles G. McCarthy Jr.* |
| Robert J. Tomei Jr., | Charles G. McCarthy, Jr. |
| TOMEI LAW, P.C. | Charles G. McCarthy, Jr. and Associates |
| 223 N IL Rt. 21, Suite 14 | 707 North East Street, |
| Gurnee, IL 60031 | Suite Two |
| Tele: (847) 596-7494 | Bloomington, IL 61701 |
| Fax: (847) 589-2263 | Telephone: 309-828-7000 |
| Email: Robert@tomeilawfirm.com | Email: charlie@mccarthy.net |
| *Attorney for Plaintiff* | *Attorney for Defendant* |

## CERTIFICATE OF SERVICE

I, Robert J. Tomei Jr., an attorney, hereby certify that on April 30, 2018, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record.

**Dated: April 30, 2018**                                                          Respectfully submitted,


                                                                                          By:    /s/ *Robert J. Tomei Jr.*